**SO ORDERED.**

**SIGNED this 1st day of June, 2020.**



_____
Robert E. Nugent
United States Bankruptcy Judge
_____

DESIGNATED FOR ONLINE PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:<br><br>MONICA L. BAKER<br><br>Debtor. | Case No. 19-12015<br>Chapter 7 |
| L. JOY DAVIS<br>Plaintiff,<br>vs.<br><br>MONICA L. BAKER,<br>Defendant. | Adv. No. 20-5006 |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

1

When a defendant moves to dismiss a § 727(a) complaint objecting to discharge for failure to state a claim upon which relief can be granted, the Court takes the complaint's allegations as true and draws all factual inferences against the party seeking dismissal.[1] A debtor's failure to schedule an asset can support several general objections to discharge including concealment before or after the case was filed, § 727(a)(2)(A) or (B), making a false oath, § 727(a)(4)(A), and withholding information from an estate office, § 727(a)(4)(D). In this case, L. Joy Davis alleges that Monica Baker failed to list the "client list" or "client base" of the accounting business Baker acquired from her. Baker denies that such a list or "base" physically exists, but for this motion, we assume the facts pleaded in the complaint are true and that Baker omitted the list on her property schedules. Thus, Davis has stated several plausible claims for relief under § 727 and Baker's motion to dismiss should be denied.[2]

The Amended Complaint[3]

Joy Davis contends that in November of 2014, she agreed to sell her accounting business to her employee Monica Baker for about $255,000. In the purchase agreement, about $10,000 of the purchase price was allocated to the business's tangible assets and $245,000 to Davis's so-called "client base." When Baker defaulted on her installment payments in 2017, Davis sued her for breach of contract in state court and, after discovery, the parties agreed to a consent

---

[1] Fed. R. Civ. P. 12(b)(6). Fed. R. Bankr. P. 7012(b) makes Rule 12(b)(6) applicable in adversary proceedings.
[2] The plaintiff L. Joy Davis appears by her attorney Josh V.C. Nicolay. The defendant Monica Baker appears by her attorney Cody R. Smith.
[3] Adv. Doc. 13.

**2**

judgment against Baker for $174,000 with the understanding that the "client base" was worth $224,000. Baker filed her chapter 7 petition in 2019 to prevent Davis from executing her judgment against the business. In the schedules, Baker listed the accounts receivable, computers, printers, and other office equipment as having a value of $15,830, but didn't list either a client "list" or "base." Davis filed this adversary proceeding, claiming that Baker concealed the client information with the intent to hinder, delay, or defraud her creditors within a year of filing and afterward. She also claimed that Baker knowingly and fraudulently withheld this client information from the trustee by failing to provide the trustee information about it and by failing to schedule it. Finally, Davis alleges that by signing the schedules that omit referring to the client information and undervaluing the business under penalty of perjury, Baker made a false oath. Any of these four allegations, if proven, would be sufficient grounds to deny Baker a discharge.

Analysis

*Rule 12(b)(6) Standards*

Rule 12(b)(6) allows for the dismissal of a complaint that fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the complaint must state a plausible basis for relief that is something more than "the mere possibility of misconduct."[4] The Court's function "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be

---

[4] *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

granted."[5] Thus, in reviewing a Rule 12(b)(6) motion, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."[6]

Generally, materials beyond the complaint itself aren't considered in ruling on a Rule 12(b)(6) motion, but sometimes when they are presented, the Court may consider them without treating the motion as one for summary judgment.[7] The Court may, for example, take judicial notice of bankruptcy court filings including the debtor's schedules.[8] In addition, documents that are referenced in the complaint and attached to the motion to dismiss are fair game in determining whether the complaint states a claim.[9] In deciding this motion, I look at the amended complaint and take judicial notice of the debtor's bankruptcy schedules. Davis's complaint refers to the parties' Business Sale Agreement which describes, values, and

---

[5] *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009) (internal quotations omitted).
[6] *Pace v. Swerdlow,* 519 F.3d 1067, 1073 (10th Cir.2008) (internal quotations omitted). *See also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (The Court takes the facts alleged in the complaint as true and determines whether the claim is "plausible on its face" based upon those facts).
[7] *See* Fed. R. Civ. P. 12(d). The Court has broad discretion to refuse to consider the extra-pleading materials and resolve the motion solely on basis of the complaint. *See Navajo Nation v. Urban Outfitters, Inc.,* 935 F.Supp. 2d 1147, 1156-58 (D. N.M. 2013).
[8] *See e.g., Grynberg v. Koch Gateway Pipeline Co.,* 390 F.3d 1276, 1278 n.1 (10th Cir. 2004); *Rose v. Utah State Bar,* No. 11-4095, 471 F. App'x. 818, 820 (10th Cir. Mar. 23, 2012); *Merswin v. Williams Companies, Inc.,* No. 09-5096, 364 F. App'x 438, 441 (10th Cir. Feb. 3, 2010); *J.P. Morgan Trust Co. Nat. Ass'n v. Mid-Am. Pipeline Co.,* 413 F. Supp. 2d 1244, 1257-58, 1260-61 (D. Kan. 2006).
[9] Adv. Doc. 16-1. *See Utah Gospel Mission v. Salt Lake City Corp.,* 425 F.3d 1249, 1253-54 (10th Cir. 2005) (recognizing that a document central to the plaintiff's claim and referred to in the complaint can be considered in resolving a motion to dismiss); *Venture Assoc. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993) (Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.).

4

transfers Davis's accounting services business to the debtor and allocates values to specific intangible assets including the "client base."

*General Objections to Discharge*

Baker moves to dismiss this amended complaint because, she says, there was no "customer list" per se to disclose on her schedules. The amended complaint refers to the "client list" and the "client base" interchangeably, and alleges that any business maintains a database of client information that is an asset with intrinsic value that should be disclosed by a debtor in bankruptcy. Certainly a service-oriented business may have among its assets a written or recorded list of clients and their associated data and, indeed, question 43 of Schedule A/B requests information about "customer lists."[10] But whether this business had one isn't the Court's focus in determining if Davis has stated a claim. Rather, we take Davis's factual allegation as true and consider whether Baker's omitting such a list or base from her schedules supports denying her discharge under any of the four grounds pled. Whether the list existed and whether Baker left it off the schedules with bad intent are matters for Davis to prove at trial. All that matters today is whether what Davis has pleaded supplies a plausible basis for relief under the specific subsections of § 727(a) she alleges.

---

[10] Bankruptcy Official Form 106A/B is Schedule A/B for an individual debtor and requires a debtor to list her real and personal property. Part 5 of Schedule A/B requires disclosure of any "business-related property" the debtor owns or has an interest in. In response to question 43, Baker denied having "customer lists, mailing lists, or other compilations." *See* Doc. 1, p. 16. Question 44 further requests if debtor has "any business-related property" not previously listed on Schedule A/B, to which Baker responded "no." *Id.* In response to question 26, Baker disclosed the accounting business website.

**5**

*Concealment—§ 727(a)(2)*

A debtor who conceals assets within one year before the case is filed or property of the estate afterwards with intent to hinder, delay or defraud creditors may be denied a discharge.[11] The elements of subsections (a)(2)(A) and (a)(2)(B) are the same, except the conduct must occur post-petition in an (a)(2)(B) case and must involve property of the estate.[12] The case law holds that concealment may be a continuing event, such that the date of original concealment is not determinative if the concealment continued into the year preceding filing and beyond.[13] To prevail, Davis will have to show at trial that there is or was such an asset, that Baker did not disclose it on the schedules when she filed (or amend the schedules post-petition) nor to the trustee and creditors afterward, and that she did so with malintent.[14] Willful schedule omissions can be deemed concealment.[15] Collier's

---

[11] *Panda Herbal Int'l, Inc. v. Luby (In re Luby),* 438 B.R. 817, 827 (Bankr. E.D. Pa. 2010) (concealment of property includes preventing the discovery of or withholding knowledge of the property (citation omitted)).

[12] *See Strauss v. Brown (In re Brown),* 531 B.R. 236, 258 (Bankr. W.D. Mo. 2015).

[13] *Weiland v. Gordon (In re Gordon),* 526 B.R. 376, 389, 393-94 (10th Cir. BAP 2015) (recognizing the doctrine of continuing concealment and finding debtor's omission from his schedules of his marital home and vehicles in which he held a beneficial interest and treated as his own though titled in his wife's name subjected him to the reach of § 727(a)(2)).

[14] *See Gullickson v. Brown* (*In re Brown),* 108 F.3d 1290, 1294 (10th Cir. 1997) (failure to list antique automobile did not warrant denial of discharge where debtor raised the omission at § 341 meeting of creditors).

[15] *Gordon, supra* (denying debtor's discharge for concealment under § 727(a)(2) and false oath under (a)(4) for failure to schedule debtor's interest in home and vehicles); *In re Petersen,* 564 B.R. 636, 645 (Bankr. D. Minn. 2017) *(*typical concealment of assets under § 727(a)(2) exists where the debtor's interest in property is not apparent, but debtor retains an interest from which she benefits); *In re Warren,* 512 F.3d 1241, 1250 (10th Cir. 2008) (debtors-accountants denied discharge under § 727(a)(2) for failure to schedule prepaid insurance (and other prepayments of living expenses) as assets); *In re Gardner,* 384 B.R. 654 (Bankr. S.D.N.Y. 2008) (failure to schedule all of debtor's timeshare interests

bankruptcy treatise says that concealment under this section is "not confined to physical secretion," but can also include withholding knowledge of an asset by failing to divulge its existence.[16] Thus failing to disclose an asset in a disclosure statement or at an examination in aid of execution can constitute concealment.[17] Many bankruptcy courts have held that failing to schedule an asset, if the requisite intent to "hinder, delay or defraud" is shown, can be a basis for denying discharge as concealment under these two subsections.[18] Davis's amended complaint states a plausible claim for relief under § 727(a)(2).

*Withholding Information—§ 727(a)(4)(D)*

Withholding recorded information from an *estate officer* that relates either to debtor's property or financial affairs is another ground for denying a debtor's discharge.[19] This exception doesn't apply, however, if the documents or data in

---

warranted denial of discharge under § 727(a)(2) and (a)(4)); *In re Beatty,* 583 B.R. 128 (Bankr. N.D. Ohio 2018) (failure to list garaged sports car in schedules or statement of financial affairs warranted denial of discharge for fraudulent concealment).

[16] Richard Levin and Henry J. Sommer, editors-in-chief, 6 COLLIER ON BANKRUPTCY, ¶ 727.02[6][b] (16th ed. 2018) ("COLLIER").

[17] *See Peterson v. Scott (In re Scott),* 172 F.3d 959, 967-68 (7th Cir. 1999) (finding § 727(a)(2) concealment by omission of assets from chapter 11 disclosure statements, even if creditors didn't detrimentally rely on the disclosure statement); *Jacobs v. Marcus-Rehtmeyer (In re Marcus-Rehtmeyer),* 784 F.3d 430, 442-43 (7th Cir. 2015) (debtor's concealment of employment income at post-judgment examination to discover assets leading up to bankruptcy supported nondischargeability under § 727(a)(2)).

[18] *See Harmon v. McGee (In re McGee),* 157 B.R. 966, 975-76 (Bankr. E.D. Va. 1993) (denying discharge under § 727(a)(2)(A) and (B) for concealing and failing to schedule trade secret consisting of list of parts suppliers for manufacture of classic car; finding the vendors list to be similar to a customer list and a valuable information-type property right.); *In re Luby,* 438 B.R. at 828-30 (failure to schedule customer lists ("a base of customers") and internet domain names as basis for denial of discharge under § 727(a)(2)(B)).

[19] 11 U.S.C. § 727(a)(4)(D); *In re Beach,* 281 B.R. 917, 921 (10th Cir. BAP 2002) (failing to turnover tax returns to chapter 7 trustee can result in the denial of discharge under § 727(a)(4)(D)). *See In re Potts,* 501 B.R. 711, 723 (Bankr. D. Colo. 2013) (Section 727(a)(4)(D)

7

Case 20-05006    Doc# 20    Filed 06/01/20    Page 7 of 10

question don't exist.[20] Again, for the purpose of this motion to dismiss, we assume the list exists. Whether the trustee has actually demanded production of the client base information is not an essential element to prevailing on this claim.[21] What matters is whether Baker had documents or other recorded data that she failed to divulge when she failed to schedule the customer list and whether her omission was knowing and fraudulent. As the amended complaint alleges that there is a client list or base that Baker failed to schedule, and remembering that schedules are signed by the debtor under penalty of perjury, the complaint states a claim under § 727(a)(4)(D).

*False Oath—§ 727(a)(4)(A)*

Making a false oath or account knowingly and with fraudulent intent in connection with debtor's bankruptcy case is another ground for denial of discharge.[22] The false oath or account must pertain to a fact that is material to the debtor's business transactions or estate, or concerns a disclosure of assets or the existence and disposition of property.[23] Omitting an asset from the schedules is a

---

claim by creditor may lack evidentiary support if the trustee doesn't join in the creditor's claim and is satisfied with the information received from the debtor).

[20] *See In re Asif,* 455 B.R. 768, 793 (Bankr. D. Kan. 2011) (trustee who failed to establish that the recorded information existed as of the petition date could not prevail on § 727(a)(4)(D) claim).

[21] Under § 521(a)(4) debtors have an affirmative duty to surrender to the trustee all property of the estate and any recorded information relating to property of the estate. A denial of discharge under § 727(a)(4)(D) is the means by which that duty is enforced.

[22] 11 U.S.C. § 727(a)(4)(A).

[23] COLLIER, ¶ 727.04[1][b]. *See also In re Brown,* 108 F.3d 1290, 1294 (10th Cir. 1997) (stating that the false oath must relate to a material fact); *In re Asif,* 455 B.R. at 794 (describing when a false oath is material).

8

sufficient reason to deny one's discharge if the omission is knowing and fraudulent.[24] Fraudulent intent is rarely proven by direct evidence.[25] At the motion to dismiss stage, sufficient factual circumstances must be alleged from which fraudulent intent may be inferred.

Davis has adequately pled the "who, what, when, where and how" of Baker's omission of the client list or base from her bankruptcy schedules and its substantial value based upon both the Business Sale Agreement and the consent judgment between the parties.[26] Fraudulent intent can be inferred from these factual circumstances.[27] In this proceeding, the false oath is Baker's declaring under penalty of perjury that the schedules were true when, in fact, she knew they weren't. But omitting assets is different from stating values of assets. Part of Davis's complaint is that Baker has undervalued the accounting practice by omitting the value of the client base. At trial, Davis will need to prove that Baker willfully omitted the client list from her schedules with the intent to defraud, that the omission was material, and that she knowingly and fraudulently ascribed no value to the client base, thereby underestimating the value of the practice. Courts generally understand that values ascribed to assets by debtors may be estimates,

---

[24] *In re Asif,* 455 B.R. at 794; *In re Steffensen,* 511 B.R. 149, 160 (Bankr. D. Utah 2014) (factual allegations regarding non-disclosure of income sufficient to withstand motion to dismiss false oath claim).
[25] *See In re Warren,* 512 F.3d 1241, 1249 (10th Cir. 2008) (noting that for nondischargeability purposes and specifically a § 727(a)(2) claim, fraudulent intent may be established by circumstantial evidence).
[26] *Steffensen,* 511 B.R. at 160-61.
[27] Plaintiff has pled the factual details with particularity. *See* Amended Complaint ¶s 9-12, 17-24, 43-45.

**9**

leading to some grace being permitted in those estimates' accuracy. But for purposes of a Rule 12(b)(6) motion, Davis's allegations are sufficient to plead a plausible false oath claim.

Conclusion

Under the permissive standards that govern a Rule 12(b)(6) motion, Davis's amended complaint states facially plausible § 727(a) claims for denial of debtor's discharge. Baker's motion to dismiss this proceeding for failure to state a claim is denied. Pursuant to Fed. R. Bankr. P. 7012(a) Baker shall have 14 days from the entry of this order to file her answer to the amended complaint.

# # #